a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KELLY P. HARRELL, Petitioner | CIVIL ACTION NO. 1:18-CV-1582-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Kelly P. Harrell ("Harrell") (#28802-034). Harrell is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Harrell challenges the legality of his sentence.

Because Harrell cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be DISMISSED for lack of jurisdiction.

I. Background

Harrell pleaded guilty to possession of a firearm by a convicted felon, possession with intent to distribute a quantity of cocaine base, possession with intent to distribute a quantity of heroin, and possession of a firearm in furtherance of a drug trafficking crime. United States v. Harrell, 540 F. App'x 448 (5th Cir. 2013). The district court determined that Harrell was a career offender under the United States Sentencing Guidelines but, consistent with the written plea agreement, varied from the guidelines range and sentenced Harrell to concurrent 84–month terms of

imprisonment on three counts, and 60 months on the fourth count, to run consecutively to the other sentences. Id.

Harrell filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), claiming that the application of United States Sentencing Guidelines ("Guidelines") § 2D1.1(c), as amended by the Sentencing Commission, would lower his total base offense level from 32 to 16. (2:10-cr-055, E.D. La.; Docs. 55, 56). The motion was denied because Harrell's total offense level under the career offender guideline was still 32, and "because this offense level is higher than that calculated under § 2D1.1, the career offender offense level 'shall apply.'" Harrell, 540 F. App'x at 448-9; U.S.S.G. § 4B1.1(b)(A). Thus, a reduction under § 2D1.1(c) would not lower Harrell's applicable guideline range. Id. Harrell's appeal was dismissed as frivolous. Id.

Harrell filed a motion to vacate under § 2255, which was denied. (2:10-cr-055, E.D. La.; Doc. 68). Harrell later sought authorization to file a successive § 2255 motion challenging his sentence as a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015). Harrell's request was denied. The court stated:

> Although Johnson announced a new rule of constitutional law, it did so with respect to the residual clause of the Armed Career Criminal Act. See Johnson, 135 S. Ct. at 2555-57. Harrell was designated a career offender under § 4B1.1 and the corresponding provisions of U.S.S.G. § 4B1.2. Even if Johnson does apply to the residual clause in § 4B1.2(a)(2), Harrell would not be entitled to relief. Harrell's career offender status was based on his prior Louisiana conviction for armed robbery and his prior federal conviction for possession with intent to distribute heroin, which constitute, respectively, a crime of violence and a controlled substance offense for purposes of the Guidelines. See § 4B1.2(a)(1), (b); United States v. Brown, 437 F.3d 450, 452 (5th Cir. 2006).

(16-30306, 5th Cir.; Doc. 00513530159).

Harrell, through appointed counsel, filed another request for authorization in the appellate court. (16-30742, 5th Cir.; Doc. 00513571573). Harrell also filed a motion to hold his case in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). The Fifth Circuit denied the motion and denied authorization. (16-30742, 5th Cir.; Doc. 00513650060).

In his § 2241 motion before this Court, as in his requests for authorization, Harrell claims that he is entitled to relief under Johnson. Now, Harrell claims that he is entitled to relief because Johnson was extended by Sessions v. Dimaya, 138 S. Ct. 1204 (2018) and should be extended to Harrell's case.

II. Law and Analysis

    A. Harrell cannot meet the requirements of the savings clause.

A motion under § 2255 is generally used to collaterally attack a federal conviction and sentence. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A motion under § 2241, in contrast, is generally used to challenge the manner in which a sentence is executed. Id. Harrell's § 2241 petition challenges the length of his sentence imposed, not the execution of his sentence.

Section § 2255 contains a savings clause, which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28

3

U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

First, Harrell does not claim the he was convicted of a nonexistent offense. Harrell challenges the enhancement of his sentence under Guidelines § 4B1.1 and 4B1.2. Such a claim cannot satisfy the first requirement of the savings clause. See Collins v. Willis, 17-CV-87, 2017 WL 1378414 (W.D. Tex. Apr. 12, 2017) (claim challenging Guidelines § 4B1.1 and 4B1.2 fails to satisfy savings clause because it has no effect on whether the facts of his case would support his conviction for the substantive offense) (citing Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005)).

Next, Harrell does not show that his claim is based on a retroactively applicable Supreme Court decision. Although Harrell cites Johnson, which is retroactive, Johnson is not applicable to Harrell's case. (16-30742, 5th Cir.; Doc. 513650060). In Johnson, the Supreme Court invalidated the residual clause of the ACCA that defined a "violent felony" as one involving "conduct that presents a serious

4

potential risk of physical injury to another." Johnson, 135 S. Ct. at 2563. However, Harrell was not sentenced under the ACCA.

In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Harrell concludes that the residual clause of § 4B1.2 is also unconstitutionally vague.

Neither Johnson nor Dimaya addressed § 4B1.2 of the Guidelines. However, in Beckles, which was pending when Harrell last sought to file a successive § 2255 motion, the Supreme Court specifically held that the Guidelines are not subject to vagueness challenges under the Due Process Clause. Id. at 892; see also United States v. Martinez, 682 F. App'x 304 (5th Cir. 2017) (Beckles "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."); Herrod v. United States, No. 4:11-cr-0176, 2017 WL 4076120, at *1 (E.D. Tex. Sept. 14, 2017) ("Since Beckles was decided, the Fifth Circuit has repeatedly rejected cases by inmates trying to extend Johnson to the Sentencing Guidelines.").

Harrell cannot show that any retroactively applicable Supreme Court decision establishes he may have been convicted of a nonexistent offense. Harrell challenges his sentence under the Guidelines, which is precluded by Beckles. Johnson is inapplicable because Harrell was not sentenced under the ACCA. Dimaya is inapplicable because Harrell was not sentenced under the Immigration and Nationality Act.

### III. Conclusion

Because Harrell cannot meet the requirements of the savings clause, IT IS RECOMMENDED that Harrell's § 2241 petition be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Harrell's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge